IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No.3:25-cv-513

PHILIP BENHAM,

    *Plaintiff*,

v.

CITY OF CHARLOTTE,

    *Defendant*.

**NOTICE OF REMOVAL TO FEDERAL COURT**

PLEASE TAKE NOTICE that Defendant City of Charlotte (the "City") removes the action captioned as *Philip Benham v. City of Charlotte*, 25CV029334-590, from the Superior Court of Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of this removal notice, the City states the following:

1. This action is a civil suit alleging claims for relief arising under the United States Constitution, namely a claim that a City ordinance violates the United States Constitution, both facially and as applied. (*See* Exhibit 1, Complaint.) Accordingly, the Court has subject matter jurisdiction under 28 U.S.C. § 1331. This action is removable to federal court pursuant to 28 U.S.C. § 1441. Further, this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

2. The United States District Court for the Western District of North Carolina encompasses the state court in which Plaintiff filed this action.

3. Written notice of filing of this Notice of Removal will be served upon Plaintiff's counsel.

1

4. A copy of this Notice of Removal to Federal Court is being filed contemporaneously in the Superior Court of Mecklenburg County, North Carolina, as shown by the Notice attached hereto as Exhibit 2.

5. In removing this case, the City does not waive, and explicitly preserves, any defenses under Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant City of Charlotte hereby gives notice that this action has been removed from the Superior Court of Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina.

Dated: July 15, 2025

Respectfully submitted,

**OFFICE OF THE CITY ATTORNEY**

/s/ *Taylor Imperiale*
Taylor Imperiale (N.C. Bar No. 61777)
Assistant City Attorney
Charlotte-Mecklenburg Government Center
600 E. Fourth Street
Charlotte, North Carolina 28202
Telephone: (980) 275-9796
Taylor.Imperiale@charlottenc.gov

*Attorney for Defendant City of Charlotte*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Notice of Removal was served in this action via email and by depositing a copy of same in the United States mail, postage prepaid, addressed to Plaintiff's counsel of record as follows:

Jonathan A. Vogel
NC Bar No. 34266
Vogel Law Firm PLLC
6000 Fairview Road South Park Towers, Suite 1200
Charlotte, NC 28210
704-552-3750
jonathan.vogel@vogelpllc.com

Stephen M. Crampton
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org

*Counsel for Philip Benham*


Dated: July 15, 2025

/s/ *Taylor Imperiale*
Taylor Imperiale (N.C. Bar No. 61777)

# EXHIBIT 1

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | FILE NO.: _____ |

| | |  |
| --- | --- | --- |
| PHILIP BENHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | |
| CITY OF CHARLOTTE, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Philip Benham (hereinafter referred to as "Plaintiff" or "Mr. Benham") hereby files this action in the nature of an original complaint and alleges, upon information and belief, against Defendant City of Charlotte (hereinafter referred to as "Defendant" or "the City") as follows:

## PARTIES

1. Plaintiff Philip Benham is a citizen and resident of Cabarrus County, North Carolina. He received municipal Citation No. 1091821, which was upheld by an Assistant City Manager for the City of Charlotte on administrative appeal to the City by written decision issued 12 May 2025.

2. As the recipient of the citation and someone whose future conduct is chilled and likely to be affected by the City's erroneous interpretation of its own ordinance and the unconstitutional conduct of the City, Plaintiff has standing to bring this complaint.

3. Defendant City of Charlotte is a municipal corporation established under North Carolina law. It is located within Mecklenburg County, North Carolina. The Charlotte City Council enacted the municipal ordinance at issue here, namely City Code § 19-303.

4. Under ordinances and procedures promulgated and enacted by the Charlotte City Council, an Assistant City Manager was responsible for adjudicating Plaintiff's appeal from the citation.

## JURISDICTION AND VENUE

5. Mr. Benham's claims for declaratory and injunctive relief are properly brought within this Court's original jurisdiction pursuant to N.C. Gen. Stat. § 7A-245 and otherwise.

6. The City enjoys no lawful immunity for the claims alleged herein.

7. Venue for this original action is properly laid in the Superior Court for Mecklenburg County under N.C. Gen. Stat. § 1-82.

## FACTUAL ALLEGATIONS

8. On or about November 6, 2024, Mr. Benham was on the public sidewalk outside A Preferred Women's Health Center located at 3220 Latrobe Drive in Charlotte, North Carolina, as was his custom.

9. As vehicles would approach to turn into the Center, Mr. Benham would take one step toward the driveway and extend his arm to offer pro-life literature to the occupants of the vehicle.

2

10. Mr. Benham would also speak to the occupants, usually saying something like, "May we give you a brochure?"

11. Mr. Benham intentionally remains well to the side of the driveway, out of the path of the incoming vehicles, so as not to obstruct their passage.

12. On November 6, 2024, one vehicle stopped in the street before turning in, as if the vehicle was hesitating about entering.

13. While the vehicle was stopped, Mr. Benham walked across the sidewalk as it crossed the driveway in order to approach the driver's side of the vehicle.

14. Mr. Benham slowly approached the driver, whose window was down, and asked, "Are you lost?" and then, "Do you have an appointment?"

15. The vehicle pulled slowly forward, stopped again, and Mr. Benham, standing well to the side of the vehicle, offered, and the driver took, a leaflet containing information on alternatives to abortion.

16. The driver then proceeded to enter the driveway.

17. One of the pro-abortion "escorts," a male, leaned over to another escort and said, "He got another piece" (presumably referring to the leaflet Mr. Benham gave to the driver).

18. One pro-abortion escort who sought to prohibit Mr. Benham from sharing his life-saving information and speaking with the incoming women and their companions sent a copy of a video of Mr. Benham's brief attempt to

3

communicate with the occupants of that vehicle to Major Kornberg of the Charlotte-Mecklenburg Police Department.

19. The CMPD subsequently issued Citation No. 1091821 to Mr. Benham.

20. At no time did Mr. Benham disrupt, block, obstruct, or interfere with pedestrian or vehicular traffic.

21. At no time did Mr. Benham interfere with the free passage of pedestrian or vehicular traffic.

22. At no time did the driver of the vehicle complain, and neither did the CMPD speak with the driver or occupants of the vehicle.

**FIRST CLAIM FOR RELIEF**
**(Declaratory and Other Relief: *Ultra Vires*,**
**In Excess of Powers, and Preempted by State and Federal Law)**

23. The allegations of the preceding paragraphs are hereby re-alleged and incorporated herein by reference as if alleged in full.

24. The City's interpretation of its picketing ordinance is *ultra vires* and in excess of the powers granted to a municipal corporation under North Carolina law.

25. Moreover, City Code § 19-303 is both implicitly and explicitly preempted by the United States and North Carolina constitutions.

4

26. The City nevertheless has enforced, and is likely to enforce in the future, its picketing ordinance in a manner that deprives Mr. Benham of his constitutionally protected rights.

27. Therefore, an actual controversy exists between the parties.

28. A declaratory judgment is necessary and appropriate as it would serve a useful purpose in clarifying and settling particular legal issues between the parties and thereby afford relief from much of the uncertainty and controversy giving rise to this proceeding.

29. Accordingly, under N.C. Gen. Stat. § 1-253 *et seq.*, and Rule 57 of the North Carolina Rules of Civil Procedure, Plaintiff prays for declaratory and related relief declaring that the picketing ordinance is *ultra vires*, in excess of statutory authority, and preempted and thus void and unenforceable.

30. Plaintiff is also entitled to damages, both nominal and compensatory, for the violation of his rights by the City through its enforcement actions.

**SECOND CLAIM FOR RELIEF**
**(Declaratory and Other Relief:**
**Facial and As Applied Unconstitutionality**
**under the United States and North Carolina Constitutions)**

31. The allegations of the preceding paragraphs are hereby re-alleged and incorporated herein by reference as if alleged in full.

32. Both facially and as applied, the City's picketing ordinance violates several provisions of the United States and North Carolina constitutions,

5

including provisions that recognize specifically enumerated rights such as the right to free speech, free exercise of religion, and the right to assemble peaceably.

33. The picketing ordinance is unconstitutional because it is a substantially overbroad regulation of speech and expressive activity.

34. The system established by the City violates Plaintiff's rights to substantive and procedural due process under the United States and North Carolina constitutions.

35. The City nevertheless has enforced, and likely will enforce in the future, the picketing ordinance and the defective procedures by which an individual like Mr. Benham must appeal a citation assessing him a monetary fine for an alleged violation of the City Code.

36. Therefore, an actual controversy exists between the parties.

37. A declaratory judgment is necessary and appropriate as it would serve a useful purpose in clarifying and settling particular legal issues between the parties and thereby afford relief from much of the uncertainty and controversy giving rise to this proceeding.

38. Accordingly, under N.C. Gen. Stat. § 1-253 *et seq.*, and Rule 57 of the North Carolina Rules of Civil Procedure, Plaintiff prays for declaratory and related relief declaring that the City's picketing ordinance, along with the

procedures for appeal from a civil citation for alleged violation of the same, is violative of the United States and North Carolina constitution.

39. Plaintiff is also entitled to damages, both nominal and compensatory, for the violation of his rights by the City through its enforcement actions.

## THIRD CLAIM FOR RELIEF
### (Request for Preliminary and Permanent Injunctions)

40. The allegations of the preceding paragraphs are hereby re-alleged and incorporated herein by reference as if alleged in full.

41. Enforcement of the picketing ordinance substantially impairs the ability of Plaintiff to exercise his constitutionally protected rights.

42. Great and irreparable harm will be suffered by Plaintiff without an injunction.

43. The balance of equities weights in favor of Plaintiff, and there is no just reason to delay an injunction.

44. Therefore, under Rule 65 of the North Carolina Rules of Civil Procedure, Plaintiff respectfully prays for preliminary and permanent injunctive relief enjoining enforcement of the picketing by the City as well as its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice in any manner of the order by personal service or otherwise.

7

Case 3:25-cv-00513-FDW-DCK    Document 1    Filed 07/15/25    Page 11 of 20

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Philip Benham respectfully requests a trial by jury on all claims upon which a jury trial is authorized by law and prays that this Court grant the following relief:

1. Enter a declaratory judgment finding that picketing ordinance is unlawful, preempted, and unconstitutional, both facially and as applied to Plaintiff;

2. Grant preliminary and permanent injunctive relief enjoining enforcement of the picketing ordinance by the City as well as its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice in any manner of the order by personal service or otherwise;

3. Grant Plaintiff damages, both compensatory and nominal, as allowed by law;

4. Grant Plaintiff attorneys' fees and costs of the action, as allowed by law, including (but not necessarily limited to) N.C. Gen. Stat. §§ 6-21.5 and 6-21.7;

5. Grant Plaintiff pre-judgment and post-judgment interest, as allowed by law;

6. Tax costs of this action against the City; and

7. Grant Plaintiff such other and further relief, both at law and in equity, as this Court may deem just and proper.

Respectfully submitted, this 12th day of June, 2025.

<u>/s/ Jonathan A. Vogel</u>
Jonathan A. Vogel
NC Bar No. 34266

Vogel Law Firm PLLC
6000 Fairview Road
South Park Towers, Suite 1200
Charlotte, NC 28210
704-552-3750
jonathan.vogel@vogelpllc.com

<u>*/s/ Stephen M. Crampton*</u>
Stephen M. Crampton*

Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org

*Counsel for Philip Benham*

*Pending admission pro hac vice

# EXHIBIT 2

| | |
|---|---|
| STATE OF NORTH CAROLINA<br>COUNTY OF MECKLNBURG | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>25CV029334-590 |ида

| | |
|---|---|
| Philip Benham,<br><br>    *Plaintiff*,<br><br> v.<br><br>City of Charlotte,<br><br>    *Defendant*. | **NOTICE OF REMOVAL TO<br>FEDERAL COURT** |

  PLEASE TAKE NOTICE that Defendant City of Charlotte, without waiving any defenses under Federal Rules of Civil Procedure 12(b), by and through undersigned counsel, has today removed the above-captioned action from the Superior Court of Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina. A copy of the Notice of Removal filed with the federal court is attached hereto as Exhibit 1.

1

Dated: July 15, 2025					Respectfully submitted,

					**OFFICE OF THE CITY ATTORNEY**

					/s/ *Taylor Imperiale*
					Taylor Imperiale (N.C. Bar No. 61777)
					Assistant City Attorney
					Charlotte-Mecklenburg Government Center
					600 E. Fourth Street
					Charlotte, North Carolina 28202
					Telephone: (980) 275-9796
					Taylor.Imperiale@charlottenc.gov

					*Attorney for Defendant City of Charlotte*

2

**CERTIFICATE OF SERVICE**

I certify that the foregoing Notice of Removal to Federal Court was filed and served through eCourts, which served all counsel of record, including Plaintiffs' counsel at the below email addresses:

Jonathan A. Vogel
NC Bar No. 34266
Vogel Law Firm PLLC
6000 Fairview Road South Park Towers, Suite 1200
Charlotte, NC 28210
704-552-3750
jonathan.vogel@vogelpllc.com

Stephen M. Crampton
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org

*Counsel for Philip Benham*

/s/ *Taylor Imperiale*
Taylor Imperiale (N.C. Bar No. 61777)

# EXHIBIT 3

| STATE OF NORTH CAROLINA | File No. 25CV029334-590 |
|---|---|
| Mecklenburg County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |
| Name Of Plaintiff(s)<br>Philip Benham | **AFFIDAVIT OF SERVICE OF PROCESS BY**<br>☐ REGISTERED MAIL<br>☐ CERTIFIED MAIL<br>☒ DESIGNATED DELIVERY SERVICE<br>G.S. 1-75.10(a)(5), (a)(6); 1A-1, Rule 4(j2) |
| **VERSUS** | |
| Name Of Defendant<br>City of Charlotte | |

I, the undersigned, did mail by ☐ registered mail (return receipt requested), ☐ certified mail (return receipt requested), ☒ designated delivery service (delivery receipt requested),

a copy of the summons and complaint ☐ and other document(s) (list) _____

in the above captioned action to (name of person to be served) Marcus D. Jones, City Manager
addressed as follows: City of Charlotte, Attention: Marcus D. Jones, City Manager, Charlotte-Mecklenburg Government Center, 600 East 4th Street, Charlotte, NC 28202

Further, that copies of the summons and complaint ☐ and the above listed other document(s) (check, if applicable) were in fact received by the defendant on (date of receipt) 06/16/2025, as evidenced by the attached original receipt.
*(Attach original receipt or electronic proof of signature confirmation to this affidavit.)*

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Signature Of Plaintiff/Attorney |
|---|---|
| Date 6/17/2025 | Signature Of Person Authorized To Administer Oaths | Name (type or print) Jonathan A. Vogel |
| Title Of Person Authorized To Administer Oaths<br>Joseph P Weidner | |
| ☐ Notary | Date My Commission Expires 10/03/2026 | |
| SEAL | County Where Notarized Mecklenburg | |

JOSEPH P WEIDNER
NOTARY PUBLIC
Mecklenburg County, North Carolina
My Commission Expires 10/03/2026

AOC-CV-105, New 8/17
© 2017 Administrative Office of the Courts



June 17, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 882011755921

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | P.Tello | **Delivery Location:** | |
| **Service type:** | FedEx 2Day | | |
| **Special Handling:** | Deliver Weekday | | CHARLOTTE, NC, |
| | | **Delivery date:** | Jun 16, 2025 10:14 |

## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 882011755921 | **Ship Date:** | Jun 13, 2025 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**  
CHARLOTTE, NC, US,

**Shipper:**  
CHARLOTTE, NC, US,

FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment. Please check again later for a signature.

Thank you for choosing FedEx