**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**
Case No. 3:25-cv-513

| | |
|---|---|
| PHILIP BENHAM,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF CHARLOTTE,<br><br>*Defendant*. | **DEFENDANT CITY OF CHARLOTTE'S ANSWER AND AFFIRMATIVE DEFENSES** |

While simultaneously moving to stay this litigation or for the Court to abstain from exercising jurisdiction,[1] Defendant City of Charlotte (the "City) answers, pursuant to the Standing Order Governing Civil Case Management before the Honorable Frank D. Whitney, Plaintiff's Complaint as follows.

## PARTIES

1.      Plaintiff Philip Benham is a citizen and resident of Cabarrus County, North Carolina. He received municipal Citation No. 1091821, which was upheld by an Assistant City Manager for the City of Charlotte on administrative appeal to the City by written decision issued 12 May 2025.

> **ANSWER:** Admitted that Plaintiff Philip Benham received municipal Citation No. 1091821, which was upheld by an Assistant City Manager for the City of Charlotte on administrative appeal to the City by written decision issued 12 May 2025. Except as

---

[1] The City interprets the Court's standing order governing civil case management to require the City to file an answer. By filing this answer, the City does not waive any available defenses.

1

expressly admitted, the City lacks information sufficient to admit or deny the remaining allegations of paragraph 1.

2.     As the recipient of the citation and someone whose future conduct is chilled and likely to be affected by the City's erroneous interpretation of its own ordinance and the unconstitutional conduct of the City, Plaintiff has standing to bring this complaint.

**ANSWER**: Denied.

3.     Defendant City of Charlotte is a municipal corporation established under North Carolina law. It is located within Mecklenburg County, North Carolina. The Charlotte City Council enacted the municipal ordinance at issue here, namely City Code § 19-303.

**ANSWER**: Admitted.

4.     Under ordinances and procedures promulgated and enacted by the Charlotte City Council, an Assistant City Manager was responsible for adjudicating Plaintiff's appeal from the citation.

**ANSWER**: Admitted.

## JURISDICTION AND VENUE

5.     Mr. Benham's claims for declaratory and injunctive relief are properly brought within this Court's original jurisdiction pursuant to N.C. Gen. Stat. § 7A-245 and otherwise.

**ANSWER**: The City removed this case to this federal court, which has federal question jurisdiction over this action.

6.     The City enjoys no lawful immunity for the claims alleged herein.

**ANSWER**: Admitted.

7.     Venue for this original action is properly laid in the Superior Court for Mecklenburg County under N.C. Gen. Stat. § 1-82.

**ANSWER**: The City removed this case to this Court, which is an appropriate venue for this action.

2

8.      On or about November 6, 2024, Mr. Benham was on the public sidewalk outside a Preferred Women's Health Center located at 3220 Latrobe Drive in Charlotte, North Carolina, as was his custom.

**ANSWER**: Admitted.

9.      As vehicles would approach to turn into the Center, Mr. Benham would take one step toward the driveway and extend his arm to offer pro-life literature to the occupants of the vehicle.

**ANSWER**: Admitted that Mr. Benham offered pro-life/anti-abortion literature to vehicles approaching the Center. Except as expressly admitted, denied.

10.     Mr. Benham would also speak to the occupants, usually saying something like, "May we give you a brochure?"

**ANSWER**: Admitted that Mr. Benham would speak to vehicle occupants and sometimes say things to them like "may we give you a brochure?" Except as expressly admitted, denied.

11.     Mr. Benham intentionally remains well to the side of the driveway, out of the path of the incoming vehicles, so as not to obstruct their passage.

**ANSWER**: Denied.

12.     On November 6, 2024, one vehicle stopped in the street before turning in, as if the vehicle was hesitating about entering.

**ANSWER**: Admitted that on November 6, 2024, a vehicle stopped in the street before turning into the Center. Except as expressly admitted, denied.

13.     While the vehicle was stopped, Mr. Benham walked across the sidewalk as it crossed the driveway in order to approach the driver's side of the vehicle.

**ANSWER**: Denied. Mr. Benham walked into the street in front of the driveway in order to approach the driver's side of the vehicle.

3

14. Mr. Benham slowly approached the driver, whose window was down, and asked, "Are you lost?" and then, "Do you have an appointment?"

**ANSWER**: Admitted.

15. The vehicle pulled slowly forward, stopped again, and Mr. Benham, standing well to the side of the vehicle, offered, and the driver took, a leaflet containing information on alternatives to abortion.

**ANSWER**: Admitted that vehicle pulled slowly forward, stopped again, and Mr. Benham, offered, and the driver took, a leaflet. Denied that Mr. Benham stood "well to the side of the vehicle." The City lacks information sufficient to admit or deny the allegations about what was contained in the leaflet Mr. Benham handed to the driver.

16. The driver then proceeded to enter the driveway.

**ANSWER**: Admitted.

17. One of the pro-abortion "escorts," a male, leaned over to another escort and said, "He got another piece" (presumably referring to the leaflet Mr. Benham gave to the driver).

**ANSWER**: Admitted that a male stated "he got another piece." Except as expressly admitted, denied.

18. One pro-abortion escort who sought to prohibit Mr. Benham from sharing his life-saving information and speaking with the incoming women and their companions sent a copy of a video of Mr. Benham's brief attempt to communicate with the occupants of that vehicle to Major Kornberg of the Charlotte-Mecklenburg Police Department.

**ANSWER**: Admitted that a video of Mr. Benham approaching an occupant of a vehicle was sent to Major Kornberg of CMPD. Except as expressly admitted, denied.

19. The CMPD subsequently issued Citation No. 1091821 to Mr. Benham.

**ANSWER**: Admitted.

4

20.     At no time did Mr. Benham disrupt, block, obstruct, or interfere with pedestrian or vehicular traffic.

**ANSWER**: Denied.

21.     At no time did Mr. Benham interfere with the free passage of pedestrian or vehicular traffic.

**ANSWER**: Denied.

22.     At no time did the driver of the vehicle complain, and neither did the CMPD speak with the driver or occupants of the vehicle.

**ANSWER**: Admitted that CMPD did not speak to the driver or any occupants of the vehicle. The City lacks information sufficient to admit or deny the remaining allegations of this paragraph.

**FIRST CLAIM FOR RELIEF**
**(Declaratory and Other Relief: Ultra Vires,**
**In Excess of Powers, and Preempted by State and Federal Law)**

23.     The allegations of the preceding paragraphs are hereby re-alleged and incorporated herein by reference as if alleged in full.

**ANSWER**: The City's responses to the allegations of the preceding paragraphs are incorporated herein by reference as if stated in full.

24.     The City's interpretation of its picketing ordinance is ultra vires and in excess of the powers granted to a municipal corporation under North Carolina law.

**ANSWER**: Denied.

25.     Moreover, City Code § 19-303 is both implicitly and explicitly preempted by the United States and North Carolina constitutions.

**ANSWER**: Denied.

5

26.     The City nevertheless has enforced, and is likely to enforce in the future, its picketing ordinance in a manner that deprives Mr. Benham of his constitutionally protected rights.

**ANSWER**: Denied.

27.     Therefore, an actual controversy exists between the parties.

**ANSWER**: Denied.

28.     A declaratory judgment is necessary and appropriate as it would serve a useful purpose in clarifying and settling particular legal issues between the parties and thereby afford relief from much of the uncertainty and controversy giving rise to this proceeding.

**ANSWER**: Denied.

29.     Accordingly, under N.C. Gen. Stat. § 1-253 et seq., and Rule 57 of the North Carolina Rules of Civil Procedure, Plaintiff prays for declaratory and related relief declaring that the picketing ordinance is ultra vires, in excess of statutory authority, and preempted and thus void and unenforceable.

**ANSWER**: Denied.

30.     Plaintiff is also entitled to damages, both nominal and compensatory, for the violation of his rights by the City through its enforcement actions.

**ANSWER**: Denied.

### SECOND CLAIM FOR RELIEF
#### (Declaratory and Other Relief:
#### Facial and As Applied Unconstitutionality
#### under the United States and North Carolina Constitutions)

31.     The allegations of the preceding paragraphs are hereby re-alleged and incorporated herein by reference as if alleged in full.

6

**ANSWER**: The City's responses to the allegations of the preceding paragraphs are incorporated herein by reference as if stated in full.

32.     Both facially and as applied, the City's picketing ordinance violates several provisions of the United States and North Carolina constitutions, including provisions that recognize specifically enumerated rights such as the right to free speech, free exercise of religion, and the right to assemble peaceably.

**ANSWER**: Denied.

33.     The picketing ordinance is unconstitutional because it is a substantially overbroad regulation of speech and expressive activity.

**ANSWER**: Denied.

34.     The system established by the City violates Plaintiff's rights to substantive and procedural due process under the United States and North Carolina constitutions.

**ANSWER**: Denied.

35.     The City nevertheless has enforced, and likely will enforce in the future, the picketing ordinance and the defective procedures by which an individual like Mr. Benham must appeal a citation assessing him a monetary fine for an alleged violation of the City Code.

**ANSWER**: Admitted that the City has enforce the picketing ordinance against Mr. Benham. Except as expressly admitted, denied.

36.     Therefore, an actual controversy exists between the parties.

**ANSWER**: Denied.

37.     A declaratory judgment is necessary and appropriate as it would serve a useful purpose in clarifying and settling particular legal issues between the parties and thereby afford relief from much of the uncertainty and controversy giving rise to this proceeding.

7

**ANSWER**: Denied.

38.     Accordingly, under N.C. Gen. Stat. § 1-253 et seq., and Rule 57 of the North Carolina Rules of Civil Procedure, Plaintiff prays for declaratory and related relief declaring that the City's picketing ordinance, along with the procedures for appeal from a civil citation for alleged violation of the same, is violative of the United States and North Carolina constitution.

**ANSWER**: The City prays that the Court deny Plaintiff's prayers for relief.

39.     Plaintiff is also entitled to damages, both nominal and compensatory, for the violation of his rights by the City through its enforcement actions.

**ANSWER**: Denied.

**THIRD CLAIM FOR RELIEF**
**(Request for Preliminary and Permanent Injunctions)**

40.     The allegations of the preceding paragraphs are hereby re-alleged and incorporated herein by reference as if alleged in full.

**ANSWER**: The City's responses to the allegations of the preceding paragraphs are incorporated herein by reference as if stated in full.

41.     Enforcement of the picketing ordinance substantially impairs the ability of Plaintiff to exercise his constitutionally protected rights.

**ANSWER**: Denied.

42.     Great and irreparable harm will be suffered by Plaintiff without an injunction.

**ANSWER**: Denied.

43.     The balance of equities weights in favor of Plaintiff, and there is no just reason to delay an injunction.

**ANSWER**: Denied.

8

44.     Therefore, under Rule 65 of the North Carolina Rules of Civil Procedure, Plaintiff respectfully prays for preliminary and permanent injunctive relief enjoining enforcement of the picketing by the City as well as its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice in any manner of the order by personal service or otherwise.

**ANSWER**: The City prays that the Court deny Plaintiff's prayers for relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
(Failure to Exhaust/Lack of Ripeness)

Plaintiff has a right to appeal to the Superior Court of Mecklenburg County via writ of certiorari the hearing officer's decision on his civil penalty. Plaintiff filed such an appeal (although the appeal was untimely), and Plaintiff filed this lawsuit after filing that appeal but before the Superior Court of Mecklenburg County ruled on the appeal. Thus, Plaintiff has failed to exhaust his remedies provided by state and municipal law, making this action unripe.

### SECOND DEFENSE
(Constitutionality)

The challenged ordinance is constitutional, both facially and as applied to Plaintiff.

### THIRD DEFENSE
(Failure to State a Claim)

Plaintiff's Amended Complaint fails to state any claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

### FOURTH DEFENSE
(Sovereign Immunity)

Plaintiff's claim for money damages is barred or limited by the doctrine of sovereign immunity.

## RESERVATION OF RIGHTS

The City reserves the right to assert such other and further affirmative defenses as become available or apparent during discovery, and accordingly, reserves the right to amend its Answer and Affirmative Defenses to add any other defenses not set forth herein.

9

## PRAYER FOR RELIEF

Wherefore, the City prays that the Court:

1. Enter judgment in favor of the City and against Plaintiff;

2. Deny all of Plaintiff's requests for relief, including compensatory and nominal damages, pre- and post-judgment interest, attorneys' fees, costs, injunctive relief, and declaratory relief;

3. Grant the City's contemporaneously filed motion to stay this litigation pending resolution of the appeal pending in state court or alternatively to abstain from exercising jurisdiction; and

4. Grant the City such other and further relief as the Court deems just and proper.


Dated: July 22, 2025                    Respectfully submitted,


                                        **OFFICE OF THE CITY ATTORNEY**

                                        /s/ *Taylor Imperiale*
                                        Taylor Imperiale (N.C. Bar No. 61777)
                                        Assistant City Attorney
                                        Charlotte-Mecklenburg Government Center
                                        600 E. Fourth Street
                                        Charlotte, North Carolina 28202
                                        Telephone: (980) 275-9796
                                        Taylor.Imperiale@charlottenc.gov

                                        *Attorney for Defendant City of Charlotte*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing DEFENDANT CITY OF CHARLOTTE'S ANSWER AND AFFIRMATIVE DEFENSES was filed via CM/ECF, which will send notice to all counsel of record.

Dated: July 22, 2025

/s/ *Taylor Imperiale*
Taylor Imperiale (N.C. Bar No. 61777)

11